REPUBLIC POWER & SERVICE COMPANY *v.* GUS BLASS CO.

Opinion delivered June 16, 1924.

1. CORPORATIONS—POWER OF STATE OVER FOREIGN CORPORATIONS.—The only limitation of the State's power to impose conditions on foreign corporations doing business in the State is with respect to corporations engaged in interstate commerce.

2. CORPORATIONS—FOREIGN CORPORATIONS—CONDITIONS.—Neither a foreign corporation purchasing an interest in oil and gas leases

in Arkansas without having complied with the statutory requirements as to doing business in the State (Crawford & Moses' Dig., §§ 1825-1832), nor its assignee, can enforce its executory contracts, either at law or in equity.

3. CONTRACTS—WHEN EXECUTED.—A contract is "executed" when whatever is contracted to be done on either hand has been done.

4. CORPORATIONS—WHEN CONTRACT OF FOREIGN CORPORATION NOT EXECUTED.—The contract of a foreign corporation to purchase an interest in oil leases held by another than the seller for the benefit of all persons interested, was not executed, where such corporation was not given possession and the holder of leases refused to recognize its right to share therein.

5. CORPORATIONS—FOREIGN CORPORATIONS—ASSIGNMENT OF UNLAWFUL CONTRACT.—Where a foreign corporation contracted in this State to purchase oil leases without complying with the laws as to doing business in the State, its assignee, whether by contract or by law, cannot enforce rights under such contract if the contract must be proved to make out the case.

6. CORPORATIONS—FOREIGN CORPORATIONS—SUBSEQUENT COMPLIANCE WITH STATUTE.—The fact that a foreign corporation, which executed a contract in the State without complying with the State laws as to doing business, subsequently complied with the statute gives it and its assignee no right to enforce such contract.

Appeal from Ouachita Chancery Court, Second Division; *George M. LeCroy*, Chancellor; affirmed.

STATEMENT OF FACTS.

The Republic Power & Service Company brought this suit in the chancery court against Gus Blass Company and Joe House, Jr.

According to the allegations of the complaint, on May 27, 1919, eight persons, including S. R. Morgan, entered into a written agreement to associate themselves together for the purpose of securing leases for oil and gas in Ouachita County, Arkansas. The leases were to be taken in the name of J. W. House, Jr., and held by him for the benefit of all of them. It was agreed that all advances made by the parties to carry out the provisions of the contract between them should be made to J. W. House, Jr., and that he should keep an account of the moneys received. They secured oil and gas leases in

the name of J. W. House, Jr., for the benefit of the other persons in interest, to numerous tracts of land in Ouachita County, Arkansas. On the 30th day of June, 1920, S. R. Morgan executed what is called a bill of sale to Morgan & Company of Delaware to his one-eighth undivided interest in said oil and gas leases, which aggregate about 20,000 acres, and the title to which is in the name of J. W. House, Jr., as trustee for himself, for S. R. Morgan, and the other interested parties. The bill of sale was acknowledged before a notary public in the city of Little Rock, Pulaski County, Arkansas, on the same day. It was then delivered in Little Rock to a representative of the grantee. The grantee was a foreign corporation, and, at that time, had not complied with the laws of the State of Arkansas with reference to foreign corporations doing business in the State. Subsequently the Republic Power & Service Company succeeded to the rights of Morgan & Company and complied with the statutes of the State with reference to doing business in the State.

On May 3, 1921, the Gus Blass Company recovered judgment against S. R. Morgan in the Pulaski Circuit Court. On May 14, 1921, an execution was issued and returned *nulla bona*. The Gus Blass Company then brought suit in the chancery court against S. R. Morgan and J. W. House, Jr., to subject the interest of S. R. Morgan in said oil and gas leases to the payment of its judgment against him in the sum of $604.15. A decree was obtained in favor of the Gus Blass Company, and the one-eighth interest of S. R. Morgan was duly sold for the satisfaction of said judgment, and the Gus Blass Company became the purchaser at the sale for the amount of its judgment and the costs.

Morgan & Company complied with the law with regard to foreign corporations doing business in the State, and received its certificate to that effect on September 26, 1921. Morgan & Company was chartered as a corporation in the State of Delaware on the 14th day of May, 1920. On January 9, 1922, the name of this corpora-

tion was changed to the Republic Power & Service Company.

The prayer of the complaint in this case is for a partition of said oil and gas leases between the plaintiff, Republic Power & Service Company, and the other parties interested therein.

It is also asked that the claim of the defendant, the Gus Blass Company, be canceled and held for naught in said oil and gas leases; that said J. W. House, Jr., be restrained from recognizing or attempting to recognize the right or claim of the said Gus Blass Company, and that, if it be held that the lien of the said Gus Blass Company be superior to the right of the plaintiff, an adjudication of the amount be had, and that, upon payment of the amount thereof by plaintiff, its title and interest in said oil and gas leases be confirmed and quieted.

Upon the facts stated and proved, the chancellor was of the opinion that the complaint should be dismissed for want of equity. A decree was entered of record accordingly, and the plaintiff has duly prosecuted an appeal to this court.

*Carmichael & Hendricks,* for appellant.

The plaintiff was entitled to maintain the suit. The sale by Morgan of his interests in certain lands, made in St. Louis, to a foreign corporation not authorized yet to do business in Arkansas, was in the nature of interstate business. Appellant should prevail under the authority of 151 Ark. 269 and 157 Ark. 121. Judgment liens are subject to valid liens on the land at the time the judgment is rendered, whether recorded or not. 33 Ark. 328. Appellant was never made a party to the suit, which was to set aside a fraudulent conveyance. Land conveyed for the purpose of defeating creditors is not subject to the lien of a judgment, and *a fortiori,* if there was a conveyance in good faith, the vendee's rights would be superior to those of a judgment creditor. 111 Ark. 11; 67 Ark. 325; 113 Ark. 109.

*Hamp Smead, Coleman, Robinson & House,* and *Smead Powell,* for appellee.

Appellant can claim no rights under the bill of sale because it was not authorized to engage in business in this State at the time of its execution. Section 1832, C. & M. Digest. The transaction was had in Arkansas, and was in line with the particular business of the foreign corporation, and therefore void. 98 So. 787. There was ample evidence to sustain a finding that the bill of sale was made with intent to defraud creditors. Retention of possession by a grantor is a badge of fraud. 88 Ark. 433; 50 Ark. 289; 55 Ark. 116. See also 12 R. C. L., p. 480, § 12; 106 Ark. 230; 73 Ark. 174. While Morgan could sell his interest, such sale did not necessarily make the purchaser a partner of the others, as the purchaser has only a right to an accounting and settlement of the partnership affairs. 20 R. C. L. § 217. Appellant is concluded by the judgment against Morgan, as its rights had not then vested. 23 Cyc. 1253, 1260.

HART, J., (after stating the facts). It is well settled that the only limitation upon the power of the State to exact conditions upon which foreign corporations may transact business within its borders is where such corporations are engaged in interstate commerce, and that this limitation arises only because the Federal Constitution has committed to Congress the power to regulate commerce between the States. *Kansas City Structural Steel Co.* v. *State,* 161 Ark. 483; *Browning* v. *Waycross,* 233 U. S. 16, and *Mitchell Furniture Co.* v. *Selden Brack Construction Co.,* 257 U. S. 282.

Our statutes prescribing the conditions upon which foreign corporations may be authorized to do business in this State are contained in Crawford & Moses' Digest, §§ 1825-1832, inclusive.

Section 1832 provides that any foreign corporation which shall fail to comply with the provisions of the act, and which shall do any business in this State, shall be subject to a fine as provided in the act.

The section further provides that, as an additional penalty, any foreign corporation which shall fail or refuse to file its articles of incorporation or certificate, as aforesaid, cannot make any contract in this State which can be enforced by it, either in law or in equity, and that compliance with the provisions of the act after the date of any such contract, or after any suit is instituted thereon, shall in no way validate said contract.

At the time Morgan & Company purchased the one-eighth interest of S. R. Morgan in the oil and gas leases referred to in our statement of facts, it was a foreign corporation, and had not complied with the provisions of our statute with reference to doing business in this State. It had therefore, under the statute, no legal right to make any contract in this State which could be enforced by it, either in law or in equity. By the terms of the statute it has no recognition in the courts of this State, and the plaintiff, which is its assignee, acquired no greater rights.

It is well settled by the authorities cited above, and other decisions from these courts, that the States have the power to impose such conditions as they please upon foreign corporations seeking to do business within their borders.

In the decision cited from this court a review of our former decisions is made, and the distinction is pointed out between a contract which is so connected with an interstate transaction that it is a part of it, and a contract which is so inherently intrastate that it does not lose its essential nature because it forms a part of an interstate commerce transaction to which it has no necessary relation.

No question of interstate commerce is here involved. There was only one transaction, and that was the sale by S. R. Morgan to Morgan & Company, a foreign corporation, of the former's undivided one-eighth interest in certain oil and gas leases taken in the name of J. W. House, Jr., and held by him for the persons beneficially interested, including S. R. Morgan. This contract was

evidenced by an instrument in writing called a bill of sale. It was prepared, signed, and acknowledged in the city of Little Rock, Arkansas, and there delivered to a representative of the foreign corporation.

It will be remembered that the Republic Power & Service Company succeeded to the rights and name of Morgan & Company. The contract having been made and the business transacted in the State of Arkansas, the transaction was essentially an intrastate one.

It is insisted that, although the contract may be an intrastate one and void under the statute, and not enforceable under it, a different rule prevails where the contract is fully executed.

It is pointed out that the former decisions of this court are in line with this doctrine, and fully recognize the distinction between executory and executed void contracts, to the effect that, while suits to enforce the former may always be defended on the ground of their invalidity, no relief prayed on such ground can be granted with respect to the latter.

Now the contract under consideration could in no sense be said to be an executed contract. An executed contract is one where whatever is contracted to be done on either hand has been done.

In the present case a bill of sale of the undivided interest of Morgan in the leases was executed and delivered to an agent of the foreign corporation; but no possession was given the foreign corporation of the leases; nor did House in any manner recognize its right or interest in the same. On the other hand, he refused to recognize the right of the foreign corporation to any share in the leases, and, on that account, was made a defendant to this lawsuit. One of the objects of the lawsuit was to establish the right of the plaintiff to an interest in the leases under his contract from Morgan; another was to require House to recognize the plaintiff as a party in interest; and the third was to secure a partition of the plaintiff's alleged share in the leases.

The test to determine whether the plaintiff is entitled to recover in an action like this, or not, is his ability to establish his case without any aid from the illegal transaction. If his right to recover depends on the contract which is prohibited by statute, and that contract must necessarily be proved to make out his case, there can be no recovery. *Cary* v. *Watkins,* 97 Ark. 153; *Tallman* v. *Lewis,* 124 Ark. 6; and *Carter* v. *Bradley County Road Imp. Dists. 1 and 2,* 155 Ark. 288.

The leases are in the possession of House, and the legal title is in him for the benefit of the parties designated therein. House refused to recognize any right of the plaintiff in the leases. The statute, however harsh its terms may be, is, as we have already seen, a valid and enforceable act. It provides, in express terms, that any foreign corporation which has failed to file its articles of incorporation or certificate as provided, cannot make any contract in this State which can be enforced by it, either in law or in equity.

Now it is evident that the plaintiff could not recover without introducing the contract under which it claims in evidence. It has therefore no legal right to demand partition of the leases or possession of any share therein. It does not make any difference that the Gus Blass Company has obtained possession of Morgan's interest in the leases by legal proceedings. The plaintiff must recover on the strength of its own title, and, as we have already seen, has no claim of any kind without introducing in evidence its contract of purchase from Morgan. To allow it to recover by introducing in evidence a contract absolutely void under the statute would defeat the main purpose of the statute.

Under our statute it makes no difference that the foreign corporation has subsequently complied with the statute. This gives it no right to enforce a contract made before its compliance with the statute.

It follows that the decree will be affirmed.

McCULLOCH, C. J., (dissenting).  The statutes of this State do not prohibit a foreign corporation from acquiring property in the State, nor from suing in the courts to recover property or to seek redress for damage to property thus acquired.  *Railroad Co.* v. *Fire Association,* 60 Ark. 325; *Alley* v. *Bowen-Merrill Co.,* 76 Ark. 4; *Rachels* v. *Stecher Cooperage Co.,* 95 Ark. 6; *Linton* v. *Erie Ozark Mining Co.,* 147 Ark. 331.  In the absence of such a statute, foreign corporations may acquire property in a State and sue for in the courts of the State.  *Cowell* v. *Springs Co.,* 100 U. S. 55.  The only inhibition in our statute is that a foreign corporation shall not do business or make contracts in the State without complying with the statute.

The effect of the transaction now condemned by the majority of this court as unlawful was merely the acquisition of property by purchase—a consummated sale and purchase of personalty.  It was not an executory contract for sale, but a consummated one.  The bill of sale delivered by S. R. Morgan to the corporation completely consummated the sale—nothing remained to be done to complete it.  Herein lies the error into which, I think, the majority have fallen.  Morgan had no writing evidencing the lease to deliver—the leases were held in the name of Mr. House as trustee for himself and his associates, including Morgan, and the only way Morgan could transfer his interest was by separate bill of sale, which evidenced a completed sale and passed title to the purchaser.  What more could Morgan have done to pass title to the corporation?  If the title passed, there was no executory contract involved.  The bill of sale was introduced as evidence of title, the same as a deed to realty, and not as a contract to be enforced by decree of the court.

This is a controversy between Morgan's creditor and the corporation to which Morgan sold his interest in the lease.  The sale is not shown to have been fraudulent, so if it was completed so as to pass title, the property became that of the purchaser, and the creditor of

Morgan cannot complain. The situation is the same, I think, as if Morgan had conveyed land to the corporation and the creditor was seeking to set aside the conveyance. If the conveyance was free from fraud, it passed beyond the reach of creditors.