ARK. AIRMOTIVE DIVISION OF CURREY AERIAL SPRAYERS,
INC. *v.* ARKANSAS AVIATION SALES, INC.

5-2163                                          335 S. W. 2d 813

Opinion delivered June 6, 1960.

*Coleman, Gantt & Ramsay, E. Harley Cox, Jr.,* for appellant.

*Mehaffy, Smith & Williams* by *W. A. Eldredge, Jr.,* for appellee.

GEORGE ROSE SMITH, J.   This is an action by the appellant for conversion.   On August 14, 1957, the appellant bought an airplane from the appellee, under a conditional sales contract by which the seller retained title until the purchase price was fully paid.   The contract was later transferred by the appellee to a Pine Bluff bank.   The appellant's complaint asserts that on January 8, 1959, the appellee wrongfully and surreptitiously entered the appellant's premises, removed the airplane from its hangar, and converted the plane to its own use.   The complaint sought damages totaling $76,000 for the conversion and also sought a judgment for $574.92 upon an account for labor and materials furnished to the appellee.

The appellee filed an answer stating that the appellant had defaulted in its monthly payments and had in other respects breached its contract.   It was asserted that the bank had accordingly elected to declare the entire balance immediately due and had demanded and received payment of that balance from the appellee.   The appellee alleged that it had rightfully repossessed the airplane pursuant to the conditional sales contract.   To this answer the appellant filed a reply, asserting that the bank was still the owner of the conditional sales contract on the date that the appellee repossessed the plane and that the bank, by accepting a check from the purchaser that same morning, had waived its right to accelerate the maturity of the indebtedness.   Both the defendant's answer and the plaintiff's reply contained a general denial of all allegations not specifically admitted.

At this point in the case the appellee filed a motion for a summary judgment upon the pleadings.   For the purpose of this motion it was stipulated that the conditional sales contract was executed in Arkansas and that on the date of its execution the plaintiff, an Illinois corporation, was transacting business in this state without having qualified to do business herein as a foreign corporation.   The trial court sustained the appel-

lee's motion for judgment, finding that the plaintiff could not prove its cause of action for conversion without relying upon the conditional sales contract, which the court considered to be unenforceable under Act 313 of 1907. Ark. Stats. 1947, § 64-1202.

The appellant argues two points for reversal. First, it is contended that § 2 of the 1907 statute, which provides that an unlicensed foreign corporation cannot make any contract in the state which can be enforced by it, was impliedly repealed by Act 131 of 1947, compiled as Ark. Stats., §§ 64-1205 *et seq.*

We are unable to agree with the contention that the earlier law was impliedly repealed by the 1947 act. Section 1 of the older statute required a foreign corporation to qualify by filing a copy of its charter and appointing an agent for service. Ark. Stats., § 64-1201. The next section provided a dual penalty for the doing of business without complying with the act: (a) The unlicensed corporation was subject to a fine of not less than $1,000, to be recovered at the instance of the prosecuting attorney, and (b) the corporation's contracts were unenforceable.

Act 131 of 1947 did not expressly repeal the 1907 statute. The 1947 act increased the fine to not less than $5,000, made it recoverable at the instance of either the prosecuting attorney or the attorney general, and contained administrative provisions not relevant to the present discussion.

There is no conflict between the 1947 act, which dealt mainly with the pecuniary penalty, and that portion of the 1907 act which rendered contracts unenforceable. In the absence of such a conflict an implied repeal can be found only if it appears that the legislature intended for the later statute to cover the entire field and thus to serve as a substitute for the original law. *Forby* v. *Fulk*, 214 Ark. 175, 214 S. W. 2d 920.

We think it clear that Act 131 of 1947 was not meant to be a recodification of § 2 of Act 313 of 1907. Sec-

tion 1 of the older statute outlined the basic steps by which a foreign corporation might qualify to do business in Arkansas. This section was left untouched by the 1947 act, which by its terms applies to any corporation which fails to file a copy of its charter "as now provided by law." Furthermore, it had been the state's policy for forty years to supplement the monetary penalty by the additional provision that the contracts of unlicensed foreign corporations should be unenforceable. We are not persuaded that the lawmakers, merely by increasing the fine from $1,000 to $5,000, intended by that action to declare by implication that the state's longstanding policy was being abandoned. The precise point was decided in *Hicks Body Co.* v. *Ward Body Works*, 8th Cir., 233 F. 2d 481, where the court held that the 1947 act did not impliedly repeal the 1907 law. We think the Court of Appeals correctly interpreted the Arkansas statutes, and we are in agreement with its reasoning and conclusion.

The appellant's second point is that the trial court erred in concluding from the pleadings and stipulation that in no event could the plaintiff prove its cause of action without asking the court to enforce the conditional sales contract. The court below, in announcing its decision, relied upon this language in *Republic Power & Service Co.* v. *Gus Blass Co.*, 165 Ark. 163, 263 S. W. 785: "The test to determine whether the plaintiff is entitled to recover in an action like this, or not, is his ability to establish his case without any aid from the illegal transaction. If his right to recover depends on the contract which is prohibited by statute, and that contract must necessarily be proved to make out his case, there can be no recovery."

In our opinion there are two controlling reasons for concluding that the *Republic* case does not govern the case at bar. First, the present case arises upon a motion for a summary judgment upon the pleadings. Such a motion, in a situation like the one now before us, has not traditionally been recognized as a part of our prac-

tice. See the remarks of Judge Charles W. Light in a panel discussion reported in 12 Ark. L. Rev. 57, 63-66. The summary judgment procedure has been approved by us when the admissions in the pleadings left no justiciable issue for the court to decide. *Trinity Universal Ins. Co.* v. *Robinson,* 227 Ark. 482, 299 S. W. 2d 833, commented upon in 12 Ark. L. Rev. 178. It cannot be said that the pleadings in the case at hand leave no justiciable issue for the court. Both the answer and the reply contain denials as well as admissions. The motion for summary judgment may be likened to a demurrer to the plaintiff's reply, and it is plain enough that that pleading is not subject to demurrer.

Secondly, at this stage of the litigation it cannot be declared with certainty that the appellant will necessarily be compelled to rely upon the conditional sales contract. A foreign corporation, even though unlicensed, is nevertheless permitted to bring suit to protect its property as long as the suit does not unavoidably involve the enforcement of a prohibited contract. Fletcher, Cyclopedia of Corporations (Perm. Ed.), § 8796. Quite obviously a corporation's failure to qualify to do business should not have the effect of enabling third persons to misappropriate its property with impunity.

Here the appellant alleges a conversion. Although it is sometimes loosely said that the plaintiff in trover must recover upon the strength of his own title, the cases actually recognize that possession alone is sufficient as against a person having no better right to the property. "But the true rule is, and it is believed that on principle the adjudications may be harmonized upon this: That possession, or the right of present possession at the time of a conversion of chattels is sufficient as a predicate for trover in all cases where the defendant cannot show a better right, since possession carries with it a presumption of ownership." Bowers, The Law of Conversion, § 432; accord, Rest., Torts, § 248. Upon the pleadings alone we do not attempt to decide — and indeed cannot decide — whether the appellant can prove its case with-

out running afoul of the statute that applies to the contracts of an unlicensed foreign corporation. That is a matter that should be allowed to arise and be decided in the normal course of a trial upon the merits.

Reversed.