**C. B. INTERNATIONAL, INC., Appellee,**

v.

**George L. COOK, Appellant.**

**No. 81–1079.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 18, 1981.

Decided Sept. 18, 1981.

Stephen K. Cuffman, Tucker & Stafford, Little Rock, Ark., for appellant.

Rose Law Firm by Phillip Carroll, Little Rock, Ark., for appellee.

Before LAY, Chief Judge, HEANEY and ROSS, Circuit Judges.

PER CURIAM.

George L. Cook appeals from the district court's[1] order issued April 9, 1980, which denied his motion to dismiss the complaint for failure of plaintiff C. B. International (C. B.), a foreign corporation doing business in Arkansas, to comply with Ark.Stat.Ann. § 64–1201, *et seq.* Cook also appeals from the judgment of the district court, entered December 30, 1980, based on findings of fact and conclusions of law dictated by the district judge into the record at the close of the trial. The judgment granted C. B.'s complaint to rescind its contract with Cook and restore to C. B. all sums paid under the contract.

This appeal raises two issues. First, whether the trial court was correct in refusing to dismiss plaintiff's complaint. Second, whether the trial court erred in ruling that C. B. was entitled to restitution of amounts paid on its contract.

The district court in its April 9 order denied Cook's motion to dismiss C. B.'s complaint stating that

> [w]hile Ark.Stat.Ann. § 64–1202 prevents an "unqualified" foreign corporation from enforcing contracts made in this state, maintenance of restitution suits by these same foreign corporations has been permitted. *Arkansas Airmotive v. Arkansas Aviation Sales, Inc.,* 232 Ark. 354, 335 S.W.2d 813 (1960) and *Warren Company v. Neel,* 284 F.Supp. 203 (W.D.Ark. 1968) [*aff'd, Kimbell Milling Co. v. Warren Co.,* 406 F.2d 775 (8th Cir. 1969)].

*See also, Leenerts Farms, Inc. v. Cranco,* 578 S.W.2d 229, 231 (Ark.1979). We agree that although C. B. International was an unqualified corporation because of its failure to comply with Ark.Stat.Ann. § 64–1201, *et seq.,* and was therefore prohibited by section 64–1202 from suing to enforce its contract, it was entitled to rescind the contract and seek restitution.

The district court in ruling on the merits of C. B.'s claim weighed the conflicting testimony regarding the intent of the parties. The court held that the contract had not been orally modified to discharge Cook from his contractual obligations and that the "failure on the part of the seller [Cook] constituted a material breach of the agreement justifying rescission." The court concluded that C. B. was "entitled to tender deed of the property to Mr. Cook and to [re]cover the entire consideration paid for the property including interest * * *." A judgment was entered on December 30, 1980, in accordance with the court's findings of fact and conclusions of law.

We have carefully studied the record, including the district court's findings and the briefs of the parties to this action. We find no merit in the petitioner's arguments and accordingly affirm the district court's order and judgment on the basis of the court's order of April 9, 1980, and its findings of fact and conclusions of law dictated into the record.

---

1. The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.