# BILLABONG PRODUCTS, INC. *v.*
## ORANGE CITY BANK

82-183                                          644 S.W.2d 594

### Supreme Court of Arkansas
### Opinion delivered January 24, 1983

*Stephen Lee Wood* of *Kendall & Schrantz*, for appellant.

*Peter G. Estes* of *Estes, Estes & Estes*, for appellee.

RICHARD B. ADKISSON, Chief Justice. The Benton County Circuit Court refused to allow appellant, Billabong Products, Inc., to intervene in a lawsuit between appellee, Orange City Bank, and Lola and Donald Millar. On appeal, we affirm.

In April of 1980 Billabong, with Donald Millar acting as president, borrowed $10,000 from the Bank, giving the Bank a promissory note in exchange for the loan. The Millars, who own ninety percent of the Billabong stock, then personally guaranteed payment of any indebtedness of Billabong up to $25,000. Under the terms of the guaranty contract, if Billabong defaulted, the Bank could collect from the Millars without first proceeding against Billabong.

On August 12, 1981, Billabong defaulted on the promissory note and the Bank filed suit against the Millars to collect under the guaranty contract. Billabong attempted to intervene, alleging that the $10,000 loan was only a part of a $25,000 line of unsecured credit to which the Bank had agreed. Billabong alleged that the Bank's failure to loan the remaining $15,000 constituted breach of contract to loan money or, in the alternative, promissory deceit.

Appellant argues that it should have been allowed to intervene in the lawsuit between the Bank and the Millars

under ARCP Rule 24 (a) (2) and (b) (2), Ark. Stat. Ann., Vol. 3A (Repl. 1979). This rule provides:

(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

To intervene as a matter of right under Rule 24 (a) (2) an applicant must show three things: (1) that he has a recognized interest in the subject matter of the primary litigation, (2) that his interest might be impaired by the disposition of the suit, and (3) that his interest is not adequately represented by existing parties. *Edmondson* v. *State of Nebraska,* 383 F.2d 123 (8th Cir. 1967). Here, Billabong has not claimed a sufficient interest relating to the transaction which is the subject of the suit between the Millars and the Bank. The transaction which is the subject of that action is a guaranty contract whereby the Millars guaranteed payment of a debt allegedly owed by Billabong. The transaction in Billabong's motion to intervene is an alleged breach of contract to loan money or, in the alternative, an alleged promissory deceit.

Billabong is not so situated that disposition of the action between the Millars and the Bank may, as a practical matter, impair its ability to protect its claim against the Bank. Generally, if the one seeking intervention will be left with his right to pursue his own independent remedy

against the parties, regardless of the outcome of the pending case, then he has no interest that needs protecting by intervention of right. *Gregory* v. *Tench,* 138 Ga. 219, 225 S.E.2d 753 (1976). No matter how the suit between the Millars and the Bank is decided, Billabong can still bring an action against the Bank for breach of contract to loan money or for promissory deceit in California. Since Billabong is not a party to the action, any judgment against the Millars would not be binding upon it under the principle of res judicata.

Billabong speculates that *stare decisis* will prevent it from prosecuting its claim in California and alleges that it is financially unable to bring the suit; however, those are insufficient reasons to allow intervention as a matter of right. Therefore, the trial court did not err in refusing to grant intervention under Rule 24 (a) (2).

The only remaining issue is whether or not permissive intervention should have been granted under Rule 24 (b). Permissive intervention is a matter resting within the sound discretion of the trial court and we will reverse only for abuse of that discretion. Here, the trial court denied permissive intervention after finding that there were no common questions of law or fact. We cannot say that the trial court abused its discretion in not allowing permissive intervention where the pleadings failed to establish any common questions between the guaranty and the alleged breach of contract to loan money or promissory deceit.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. The majority fairly and accurately sets out the pertinent facts of this case. However, I disagree as to the application of the law as related to the facts. In my opinion the appellants had a right to intervene. The majority cites ARCP Rule 24 (a) (2) and (b) (2). It is clear to me that appellant comes under the requirements of Rule 24 (a) which, in part, reads:

> Upon timely application anyone shall be permitted to intervene in an action: (1) ... or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The language of the preceding statute is clearly mandatory, thus abuse of discretion cannot be involved. Appellant obviously claimed an interest in the transaction upon which the suit was filed. Appellant guaranteed payment of the loan to appellee. The allegations contend appellee breached the very same contract which gave rise to appellee's claim against the Millars. It seems to me it would be impossible to try the present suit without proving or disproving the very facts upon which appellant relies in support of its cause of action. Certainly the appellees will do nothing to protect appellant's claim. Appellant has set forth reasons which ". . . may as a practical matter impair or impede . . . " its ability to protect an interest. The statutory language clearly says "may," yet the majority holds that appellant's statements are mere speculation. It is precisely this sort of reasonable speculation which the statute allows. Furthermore, the majority has promulgated no test or guidelines to guide future litigants through this newly constructed maze of what constitutes speculation or "insufficient reasons" as opposed to reasons which "may" impede a litigant's ability to protect his rights under the law.

I would reverse and remand with instructions to allow appellant to intervene.