![black bar]

MIDLAND DEVELOPMENT, INC. and Marvin Strange
*v.* PINE TRUSS, INC.

CA 87-435                                   750 S.W.2d 62

Court of Appeals of Arkansas
Division II
Opinion delivered May 25, 1988

*Croxton & Boyer*, by: *Ronald L. Boyer*, for appellants.

*Slinkard & Halbrook, P.A.*, by: *Howard L. Slinkard*, for appellee.

DONALD L. CORBIN, Chief Judge. This appeal comes to us from Benton County Circuit Court. Appellants, Midland Development, Inc. (hereinafter Midland) and Marvin Strange, appeal from an order dismissing their counterclaim and third party complaint, respectively. We affirm.

In August of 1985, appellant Midland sent a purchase order to appellee for 80 pitch trusses. Appellant received delivery of, and accepted the trusses as conforming to the contract. Thereafter, appellant Midland failed and refused to make payment in the contract amount of $4,129.22. Appellee instituted suit for recovery of the purchase price. Appellant Midland filed a counterclaim and Strange filed a third party complaint. The court dismissed both claims and entered summary judgment in favor of appellee. From the dismissal comes this appeal.

For reversal, appellants raise the following questions: (1) Whether the effect of the Wingo Act prohibits set-off as well as rescission and restitution upon failure of the breaching party to provide conforming goods in accordance with the Uniform Commercial Code, Article 2, as codified by Ark. Code Ann. §§ 4-2-101 through 4-2-725; (2) whether Marvin Strange could intervene and if his intervention met the requirements set forth in

Arkansas Rules of Civil Procedure, Rule 24. Their points will be addressed in order.

First, appellant Midland essentially argues that its failure to comply with Ark. Code Ann. § 4-27-104 (1987) does not prohibit it from setting up a defense including rescission, restitution, and set-off based upon a prior transaction between the parties.

The pertinent provision of the Wingo Act provides as follows:

> As an additional penalty, any foreign corporation which fails or refuses to file its articles of incorporation or certificate as aforesaid cannot make any contract in the state which can be enforced by it either in law or equity, and the compliance with the provisions of this section after the date of any such contract or after any suit is instituted thereon shall in no way validate the contract.

Ark. Code Ann. § 4-27-104(c) (1987) (formerly Ark. Stat. Ann. § 64-1202 (Repl. 1980)).

There is no dispute that appellant Midland, a foreign corporation, was not authorized to do business in Arkansas for failure to comply with the filing requirements of the Wingo Act. Nor does Midland dispute that it received conforming goods for which it refused to make payment. Appellant asserts, however, that it is not attempting to enforce a contract. It argues that it therefore should have been allowed to set-up as a defense that in a previous transaction it paid appellee for goods which were rejected and returned to appellee due to alleged non-conformities for which no substitute goods nor reimbursement had been made. In effect, appellant is seeking to recover restitution on a prior transaction and have it set-off against the amount for which this suit was brought.

The Arkansas Supreme Court has recognized that:

> The test to determine whether the plaintiff is entitled to recover in an action like this, or not, is his ability to establish his case without any aid from the illegal transaction. If his right to recover depends on the contract which is prohibited by statute, and that contract must necessarily be proved to make out his case, there can be no recovery.

*Ark. Airmotive Div. of Currey Aerial Sprayers, Inc.* v. *Ark. Aviation Sales, Inc.*, 232 Ark. 354, 335 S.W.2d 813 (1960) (quoting *Republic Power & Service Co.* v. *Gus Blass Co.*, 165 Ark. 163, 263 S.W. 785 (1924)).

For this reason, foreign corporations operating in violation of the Wingo Act have been allowed to recover in Arkansas based upon theories such as quasi-contract, which do not require use of the unenforceable contract to prove their case. *See, e.g., Dews* v. *Halliburton Ind., Inc.*, 288 Ark. 532, 708 S.W.2d 67 (1986).

■ However, appellant's defenses are based upon the Uniform Commercial Code provisions regarding the sale of goods codified at Ark. Code Ann. §§ 4-2-101 through 4-2-725 (1987) (formerly Ark. Stat. Ann. §§ 85-2-101 through 85-2-725 (Add. 1961)). The UCC governs *contracts* for the sale of goods. Appellant alleged that goods in the prior transaction were non-conforming. Goods conform to the contract when they are in accordance with the *obligations under the contract*. Ark. Code Ann. § 4-2-106(2) (1987) (formerly Ark. Stat. Ann. § 85-2-106(2) (Add. 1961)). Therefore, to prove any non-conformance, Midland would have to prove the obligations of the contract and that the goods were not in accordance therewith. The proving of the contract would be unavoidable and would therefore be prohibited, even though intended only for defensive purposes. Had Midland sought enforcement in equity on a theory not dependent upon the contract, we would have a different issue before us. We cannot say the trial court erred in dismissing Midland's counterclaim for set-off when they presented no theory to the court which did not unavoidably involve the unenforceable contract.

Appellant's second point for reversal essentially argues that appellant, Marvin Strange, president of Midland, should have been allowed to intervene in the cause of action as a matter of right because he is a third party beneficiary to the unenforceable contract as owner of the apartment complex in which the alleged non-conforming trusses were to be incorporated.

■ Arkansas Rules of Civil Procedure 24 governs the matter of intervention in a civil cause of action and provides for both intervention as a matter of right and permissive intervention. Intervention as a matter of right cannot be denied. *Schacht* v.

*Garner*, 281 Ark. 45, 661 S.W.2d 361 (1983). However, this rule does not give an absolute right to intervene unless the application complies with the procedural requirements. *See, Bank of Quitman* v. *Phillips*, 270 Ark. 53, 603 S.W.2d 450 (1980). We would first point out that appellant Strange's motion was not properly submitted as it was titled third-party complaint and counterclaim. However, even if the motion had been properly filed·and titled, it would fail under the case law interpreting the standards for intervention as a matter of right.

In *Billabong Products, Inc.* v. *Orange City Bank*, 278 Ark. 206, 644 S.W.2d 594 (1983), the supreme court enunciated three requirements an applicant must meet to prevail as a matter of right: (1) that he has a recognized interest in the subject matter of the primary litigation, (2) that his interest might be impaired by the disposition of the suit, and (3) that his interest is not adequately represented by existing parties. *Id.* at 208, 644 S.W.2d at 595.

As was true in *Billabong*, appellant Strange has not claimed a sufficient interest relating to the transaction which is the subject of this suit, or the transaction which Midland claims entitles them to a set-off. Nor will his interest be impaired by the disposition of the current litigation. "Generally, if the one seeking intervention will be left with his right to pursue his own independent remedy against the parties, regardless of the outcome of the pending case, then he has no interest that needs protecting by intervention of right." *Id.* at 208-09, 644 S.W.2d at 595. Strange, as owner of the complex, has a remedy against Midland if the apartment complex is not completed. The fact that he would desire not to pursue an action against a corporation of which he is president is an insufficient reason to allow intervention as a matter of right. Therefore at best, appellant would have been allowed to intervene only in the court's discretion. The court found that the attempted intervention was a subterfuge to avoid application of the Wingo Act. We cannot say that his finding was clearly erroneous and therefore, he did not abuse his discretion in denying appellant Strange's attempt to intervene.

Affirmed.

CRACRAFT and COULSON, JJ., agree.