BANK OF QUITMAN *v.*
Vernon L. PHILLIPS

CA 80-146                                      603 S.W. 2d 450
Court of Appeals of Arkansas
Opinion delivered August 27, 1980

*Stephen E. James, P.A.*, for appellant.

*Jack M. Lewis*, for appellee.

JAMES H. PILKINTON, Judge. This litigation began as a foreclosure action filed on April 16, 1979, by Vernon L. Phillips, appellee, against Jean W. Travis, et al. Mr. Phillips claimed a first lien on certain real property then belonging to

Mrs. Travis as security for a past-due note. Appellee as plaintiff below joined certain additional parties as defendants in order to foreclose any interest they might have in the property. The Bank of Quitman, appellant, held a mortgage on this property which was then second in priority to the Phillips lien. However, the bank was not made a party to the Phillips foreclosure action although its mortgage had been properly recorded on October 10, 1977. On July 12, 1979, the Chancery Court of Van Buren County rendered a foreclosure decree which awarded judgment in favor of Phillips against the defendant Jean W. Travis in the sum of $7,017.14, plus interest, court costs and attorney's fees. A co-defendant, Emma J. Austin, was given judgment against Mrs. Travis for $1,360.97 and a second lien was declared in favor of Mrs. Austin. Another defendant, J. L. Davis, was found to have an undivided one-half equitable interest in the property, subject to the first lien of Phillips and the second lien of Mrs. Austin. Foreclosure of the liens was ordered, and sale was set for August 17, 1979. The foreclosure decree was dated July 12, but was entered nunc pro tunc on July 26, 1979.

The Commissioner's sale was held as ordered, and Vernon L. Phillips, plaintiff-appellee, bought the property for $8,300. The sale was duly reported and was confirmed by the court on August 17, 1979. The Commissioner's deed was executed and approved on the same day.

On October 16, 1979, the bank filed a separate action against Mrs. Travis and the other defendants to foreclose its mortgage. Vernon L. Phillips was joined as a party defendant in that action.

On November 14, 1979, Phillips filed a motion in the case now before us seeking to vacate the decree and judgment of July 12, 1979, to set aside the sale held on August 17, 1979, and to vacate and set aside the order approving sale which had been entered by the Chancery Court on August 17, 1979. In this pleading Phillips set out that at the time this case was filed the bank held a second mortgage on the lands involved. This pleading stated that the bank was a necessary party to this action. However, the motion alleged that after the filing of the original petition certain negotiations were had on

behalf of Phillips with the bank looking to the possible purchase by the bank of the note and lien held by Phillips; but those negotiations were alleged to have been terminated upon denial by the bank that it had any security interest in the property. Phillips claimed in his motion that because of such alleged verbal denial, the bank was not made a party. This motion to vacate was served on the bank and all subsequent pleadings in this case were likewise served. The original defendants acquiesced in the efforts of Phillips to have the decree and orders set aside, but the bank responded to all pleadings served upon it and sought to resist the motion to vacate.

Phillips also filed a motion asking the court to strike all responses and pleadings of the bank on the ground that the bank was not a party to this action. Upon this motion to strike being filed, the bank on December 4, 1979, filed a formal motion to intervene. The bank claimed it was entitled to be heard as a matter of right, and had been treated as a necessary party by Mr. Phillips as evidenced by the pleadings, and his service of them upon the bank.

On December 13, 1979, over the objection of the appellant bank, the court denied the motion of the bank to intervene, granted Phillips's motion to strike the bank's pleadings; and, without hearing any testimony or receiving any evidence in support of the motion, granted Mr. Phillips's motion and set aside the decree of July 12, 1979, and the subsequent orders relating to the sale. The bank appeals from those actions, and from an additional order dated January 10, 1980, granting Phillips a new trial.

Appellant contends that the trial court erred in refusing to allow the bank to intervene and to be heard on Phillips's motion to vacate, and in striking the bank's response to that motion. Prior to the adoption of the Arkansas Rules of Civil Procedure, our court had followed the general rule that only necessary parties could intervene as a matter of right, while permitting the trial court to exercise its discretion in deciding whether others could intervene. *Pulaski County Board of Equalization* v. *American Republic Life Insurance Company*, 233 Ark. 124, 342 S.W. 2d 660 (1961). The matter is now covered

by Rule 24, Arkansas Rules of Civil Procedure, which reads as follows insofar as the right to intervene is concerned:

[a] *Intervention of Right.* Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Thus Section [a] (2) of this rule has expanded the privilege to intervene as a matter of right. This privilege is now not limited to those persons who have been traditionally considered as "necessary" parties.

Arkansas Rule 24 is patterned after Federal Rule 24. Our Rule 24(a) does not, of course, give an absolute right to intervene unless the application is timely. Timeliness is a matter within the sound discretion of the trial court whether the intervention is allowed or denied. The trial court's action is subject to reversal only where discretion has been abused. See 3B *Moore's Federal Practice*, § 24.13[1] (2d ed. 1980). The case before us involves an attempt to intervene after a final judgment. There is considerable reluctance on the part of the federal courts to allow intervention after the action has gone to judgment, absent extraordinary and unusual circumstances. See 7A Wright and Miller, *Federal Practice and Procedure:* Civil §1916 (1972). We believe that to be sound policy and, absent extraordinary and unusual circumstances, intervention, by a party who did not participate in the litigation giving rise to the judgment sought to be vacated, should not be permitted. The record in this case shows that the bank was fully aware of this action from its inception and chose not to intervene before the decree although it had a right to do so.

Rule 52, A.R.C.P. provides, among other things, that the findings of fact made by the trial court shall not be set aside unless clearly erroneous (clearly against the

preponderance of the evidence). In the case before us the chancellor found that the bank's motion to intervene was not timely. Under the circumstances shown by this record, we are unable to say that the chancellor abused his discretion or that the decision was clearly erroneous. Thus we need not reach the other points raised by appellant since the bank had no standing.

Affirmed.