James W. SCHACHT, Acting Director, Department of Insurance, State of Illinois *v.* Linda N. GARNER, Insurance Commissioner for the State of Arkansas

83-244                                         661 S.W.2d 361

Supreme Court of Arkansas
Opinion delivered November 28, 1983

*Neil F. Hartigan,* Illinois Atty. Gen., by: *Gerald B. Mullin,* Special Asst. Atty. Gen., and *Gill, Skokos, Simpson, Buford & Owen, P.A.,* by: *John W. Fink,* for appellant.

*Wood Law Firm,* by: *Raymond Weber,* for appellee.

DARRELL HICKMAN, Justice. The Acting Director of the Department of Insurance of the State of Illinois sought to intervene in a suit in Pulaski County concerning the rehabilitation of three insurance companies domiciled in Arkansas. The circuit judge, unable to determine exactly what claim or defense was being advanced, declined to allow intervention, but did not foreclose intervention at a later date.

James W. Schacht, the Acting Director, asserted there were 8,194 policyholders of the three companies who were Illinois residents and their interests needed protection. He also argued that Illinois could be exposed to liability because of an Illinois statute which protects policyholders from defaulting companies. But when the court pressed Schacht to comply with ARCP Rule 24, that is, to state a claim or defense, Schacht could give none. He said: "I don't know what position [we will have] until we know what the Plan is."

Rule 24 (c) requires a party seeking intervention to state in a separate pleading the claim or defense to be advanced. This was not done in this case. Essentially the appellant wanted to be a party to keep an eye on the lawsuit; he did not object to reorganization, made no third party complaint, nor did he make any claim.

The judge suggested the motion be held in abeyance until the reorganization plan was submitted, but the appellant formally asked to intervene on the record and the request was denied.

There are two means by which to intervene in a lawsuit: As a matter of right and by permission. The former cannot be denied, but the latter is discretionary, the denial of which will only be reversed if that discretion is abused. The

appellant made no case for either. Significantly, the trial judge remarked:

> I would suggest we deny your Petition at this time, with an understanding that you will receive a copy, or the Department will receive a copy and at that time, if they feel like they have a position that is opposite that of the Commissioner, then they may want to come in and make that position known as either a Party through Intervention or they can visit with the Commissioner and bring that to her attention before the Plan is brought before the Court for its approval; hearings will be had and I don't anticipate that there would ever be any way that the State of Illinois would not be able [to] make known to this Court its concern with the actions to be taken by the Court on the Rehabilitation Proposal.

> And I appreciate the concern that the Department of Illinois would have on behalf of its policyholders, just as I can imagine if the shoe was on the other foot, so to speak, the Commissioner of Insurance would be doing under similar circumstances.

Affirmed.

HAYS, J., not participating.