POLNAC-HARTMAN & ASSOCIATES *v.* THE FIRST NATIONAL BANK IN ALBUQUERQUE, as Trustee for the Jicarilla Apache Tribe, Inc., et al.

87-25                                                     731 S.W.2d 202

Supreme Court of Arkansas
Opinion delivered June 22, 1987

*Croxton & Boyer*, by: *Charles F. Hickman*, for appellant.

*Pearson, Woodruff & Evans*, by: *C. Thomas Pearson, Jr.*, for appellee.

DAVID NEWBERN, Justice. The appellant, Polnac-Hartman & Associates, attempted to intervene in litigation in which The First National Bank in Albuquerque sought foreclosure of mortgages against Beaver Lake Lodge Resort, Inc., White, White, Wilson & Associates, Ltd., O. L. White, Tyree F. Wilson, Jr., and Benton County Abstract Co. The foreclosure litigation was set for trial September 15, 1986, and on that day, counsel for the appellant appeared at the courthouse prepared to present an oral intervention motion. He discovered that the parties had settled the case and were proposing a consent decree. Counsel for the appellant then, on September 22, 1986, filed a motion to intervene. The motion stated simply that the appellant had performed certain services for Beaver Lake Lodge Resort, Inc., for which it was assigned certain notes and mortgages represent-

ing an encumbrance upon time shares sold by the resort and that it sought to intervene to protect its interest. The chancellor denied the motion, stating in his order that the motion was not timely and it was not presented in accordance with Ark. R. Civ. P. 24. The order provided, however, that the appellant should be allowed to intervene in aspects of the litigation remaining which were to be transferred to the circuit court. We hold the chancellor was right in not allowing the intervention in the foreclosure proceeding.

■■ The appellant claims it had a right to intervene, and thus Rule 24(a) applies. The rule provides:

> (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The appellant's argument is that the chancellor erred in finding the attempted intervention was untimely because the motion to intervene was filed before a final judgment was entered. As authority for that proposition the appellant cites *Bank of Quitman* v. *Phillips*, 270 Ark. 53, 603 S.W.2d 450 (Ark. App. 1980), in which our court of appeals held that an intervention attempted after the entry of final judgment was untimely. The appellant argues that the rationale of the *Bank of Quitman* case, if extended, supports the view that any pre-judgment attempt to intervene is timely. We cannot agree that the entry of judgment is the only criterion by which the court can measure the timeliness of the attempted intervention. Rather, the court of appeals said that timeliness of intervention is a matter within the discretion of the trial court, and its holding was buttressed by authority developed in the federal courts' interpretations of F.R.C.P. 24. *See* 3B *Moore's Federal Practice*, 24.13 (2d ed. 1987). The appellant has given us no reason to disagree with this conclusion of the court of appeals.

Another deficiency in the motion to intervene is that it contained no pleading, as required by Rule 24(c), setting forth

the claim or defense of the appellant. The appellant argues that, by attaching to its motion copies of documents assigning to it some notes and mortgages encumbrancing some time share agreements, it made clear to all concerned the interest it sought to protect, and that no party was prejudiced by the failure to file a pleading.

The failure to file a pleading with a motion to intervene was the subject of our decision in *Schact* v. *Garner*, 281 Ark. 45, 661 S.W.2d 361 (1983). In that case a party moving to intervene refused to file a pleading setting forth its claim or defense as required by Rule 24(c) but insisted on being allowed to intervene in the litigation. The trial court denied the motion, and this court affirmed, noting that the movant had not shown entitlement to intervene as a matter of right or permissively. That, of course, is the purpose of filing a pleading. Without it, the court may not have any idea of the right asserted by the would-be intervenor. Although the appellant in this case attached the assignments to the motion, it did not state how or why they should be protected, or what the claim of priority, if any, was. There was not even a statement telling the court that the assignments were, or were related to, the same properties which were the subjects of the foreclosure action.

The trial court did not abuse its discretion in holding that the attempted intervention was untimely, and the court was clearly correct in finding the appellant did not comply with Rule 24(c) in view of its failure to file a pleading setting forth a claim or defense.

The appellant also contends that there should have been a compulsory joinder of its claim. We will not address that argument as it was not made to the trial court. *Puckett* v. *Puckett*, 289 Ark. 67, 709 S.W.2d 82 (1986).

Affirmed.