Leon CAWOOD and Jack B. Hollingshead, et al. *v.* Maurice SMITH, Director, Arkansas State Highway & Transportation Department, et al.

91-246                                    839 S.W.2d 208

Supreme Court of Arkansas
Opinion delivered October 19, 1992
[Rehearing denied November 23, 1992.]

*Jack, Lyon & Jones, P.A.*, by: *Eugene Sayre*, for appellant.

*Friday, Eldredge & Clark*, by: *John Dewey Watson, Robert*

*S. Shafer,* and *Jerry L. Malone,* for appellee.

TOM GLAZE, Justice. The American Trucking Association, Inc. (ATA) initiated this action in May of 1983 to challenge the constitutionality of Act 685 of 1983. The Act imposed a Highway Use Equalization (HUE) tax on all trucks that operate on Arkansas highways at maximum weights between 73,281 and 80,000. ATA pursued this case as a class action against the Arkansas Highway & Transportation Department (AHTD) and other state officials, alleging the HUE tax violated the commerce clause, the privileges and immunities clause, and the equal protection clause of the fourteenth amendment to the United States Constitution. In October of 1984, the trial court upheld Act 685's constitutionality, and this court affirmed that decision in *American Trucking Ass'n* v. *Gray,* 288 Ark. 488, 707 S.W.2d 759 (1986). Important to this appeal, we note that the Arkansas General Assembly enacted Act 721 of 1985 *before* this court's 1986 decision, and under that 1985 Act, AHTD was authorized to reimburse Arkansas truck owners for retaliatory HUE taxes imposed on them by sister states. The funds for these reimbursements were to come from the HUE taxes collected by AHTD under Act 685. Before Act 721's passage, the truckers were divided into two subclasses, non-Arkansas-based truck owners and Arkansas-based truck owners. At this stage the Arkansas-based truckers had yet to initiate an action for reimbursement under Act 721 either by separate suit against AHTD or by amending its claim in this ongoing case. Both subclasses were merely seeking refunds of HUE taxes paid under Act 685.

Both classes of truck owners appealed this court's 1986 decision to the United Supreme Court, which remanded the case for us to reconsider our holding in light of that court's decision in *ATA, Inc. et al.* v. *Scheiner,* 483 U.S. 266 (1987), handed down on June 23, 1987. Upon remand, the two subclasses obtained separate counsel, and Leon Cawood, d/b/a Leon Cawood Trucking, became identified as a representative of the subclass of Arkansas truck owners. The Arkansas Poultry Federation also was allowed to intervene at this point. Even though the Arkansas General Assembly had already repealed Act 685 by enacting Act 3 on October 9, 1987, this court on March 14, 1988, proceeded to hold Act 685 unconstitutional, and remanded this cause to the trial court for an accounting and determination of the amount of

HUE taxes to be refunded to the first subclass, the non-Arkansas-based truck owners. The court's opinion also stated that the Arkansas Poultry Federation intervenors had intervened on behalf of *all* Arkansas truck owners and that those owners sought no refund of HUE taxes.

The non-Arkansas truck owners petitioned for rehearing seeking refunds for a broader period than this court allowed, and the Cawood truckers sought clarification concerning this court's statement that all Arkansas truck owners sought no refunds. The Cawood truckers further requested they be permitted to assert their entitlement to reimbursement under Act 721 of 1985, when the case was on remand to the trial court. On April 25, 1988, we denied the non-Arkansas truckers' rehearing petition, but no mention was made of Cawood's clarification petition. Perhaps, no mention was made because Cawood had filed no briefs at this particular stage of the proceedings, relying instead upon the other parties. Another reason Cawood's petition was not addressed could have been that the reimbursement remedy under Act 721 had never been a part of this case until its mention in Cawood's April 25th petition for clarification. Regardless, Cawood obtained no ruling on its clarification petition, and from the record, it appears he was not entitled to one.

After this court denied the non-Arkansas truckers' rehearing petition, those truckers petitioned the Supreme Court for the relief they asked from us and obtained it. In a split decision on June 4, 1990, the Supreme Court again remanded this case to us for further proceedings. *ATA, Inc., et al.* v. *Smith*, 496 U.S. 167 (1990). On July 16, 1990, we again remanded this case to the trial court for an accounting of the refund amounts and award of attorneys' fees.

While this case was on remand to the trial court, negotiations commenced in January of 1991 between the parties, excepting the Arkansas truckers represented by Cawood, and the parties reached a settlement agreement which generally provided that the approximate amount of $60 million HUE taxes held in escrow would be divided $35 million to AHTD (and Arkansas' cities and

counties) and $25 million to the truck owners. [1]

On April 16, 1991, the Cawood truckers filed a response with the trial court requesting the settlement agreement submitted for court approval be modified to provide for payment of the reimbursement remedy to which the Arkansas truckers claimed they were entitled under Act 721. They proposed such payments be made from the $35 million AHTD would receive under the settlement. In support of their request, the Cawood truckers asked they be allowed to supplement their pleadings to specifically raise their reimbursement remedy provided under Act 721. The trial court denied the Cawood truckers' request on May 2, 1991, and on May 29, 1991, approved the settlement as proposed by the other parties. The Cawood truckers bring this appeal solely on the issue that the trial court erred in denying them the right to assert their reimbursement remedy under Act 721. We cannot agree.

This action was commenced in 1983, and while the reimbursement remedy for retaliatory taxes did not exist until Act 721 was enacted in 1985, neither the Cawood truckers nor other Arkansas truckers instituted a separate suit for the reimbursement of such taxes. Nor did they properly interject such a claim before the trial court in this case until April 16, 1991 — immediately before the trial court approved the settlement which had already been reached between the other parties in this lawsuit. It also should not go unnoticed that, by the time the Cawood truckers had filed their motion to amend the settlement of their complaint, the General Assembly had already enacted Act 219 of 1991, which among other things repealed Act 721 and its reimbursement remedy, which the Cawood truckers now wish to assert.

■■ Generally, a party is allowed to amend its pleadings where there is no determination of undue delay or prejudice. ARCP Rule 15(a). The trial court is vested with broad discretion

---

[1] By this time, the non-Arkansas truckers had filed a second class action against AHTD, challenging the constitutionality of Act 3 which not only had repealed Act 685, but also established a weight-distance tax. This second suit was consolidated with this continuing case for settlement purposes. Also, as a part of the settlement, Act 3 was repealed by Act 219 of 1991.

in allowing or denying amendments. *Kay* v. *Economy Fire & Casualty Co.*, 284 Ark. 11, 678 S.W.2d 365 (1984). Here, we cannot say the trial court abused its discretion in denying the Cawood truckers' request to amend its original pleading. Cawood and the Arkansas-based truckers waited six years before they attempted to raise the reimbursement remedy issue. The other parties to this litigation had already resolved their differences, and Act 721 had been repealed. We believe the circumstances in this case support the conclusion that undue delay occurred and that the other parties' rights would be prejudiced by the raising of this new issue that likely would result in further litigation and an appeal. Cawood and other Arkansas truckers had ample opportunity to assert its reimbursement remedy in the trial court when mandates issued from this court to that court after our decisions in both 1986 and 1988. No stay or recall of mandate was requested after either of these decisions. As alluded to earlier, neither did the Arkansas-based truckers pursue their reimbursement right in a separate action after Act 721's passage in 1985. If they had done so, they would then have been in a position at least to request a consolidation of such an action with this case for settlement purposes.

For the reasons set out above, we affirm the trial court's ruling to deny the Cawood truckers' belated motion to raise the reimbursement issue. We need not address the law of the case argument raised by the parties below and here on appeal and relied on by the chancellor in her ruling. Even if we were to agree that the chancellor erred in finding that the appellants' motion was barred by the law of the case, we uphold the decision of the trial court if it reached the right result, even if it did not enunciate the right reason. *Speer* v. *Speer*, 298 Ark. 294, 766 S.W.297 (1989).