Katie M. BRADFORD *v.* Darrell BRADFORD

CA 94-1313                                        915 S.W.2d 723

Court of Appeals of Arkansas
Division III
Opinion delivered February 21, 1996

*Boyd A. Tackett, Jr.*, for appellant.

*Hoyt Thomas*, for appellee.

JOHN MAUZY PITTMAN, Judge. Katie Bradford has appealed from an order of the Van Buren County Chancery Court allowing her son, appellee, Darrell Bradford, to intervene in his parents' divorce action. In this order, the chancellor granted appellee specific performance of an oral contract whereby his parents agreed to convey a parcel of real property to him. On appeal, appellant argues that the chancellor erred in allowing appellee to intervene in the divorce case and in granting specific performance of the agreement. We affirm the chancellor's decision in all respects.

In 1992, appellant and her husband, Emmitt Bradford, verbally agreed to sell appellee a thirty-eight-acre parcel of land adjoining their home for $20,000.00. Appellee paid his parents in full, took possession of the land, and built a shed and a larger building on the property. While the property was being surveyed prior to the execution of the deed, appellee got married. Appellant strongly objected to this marriage and changed her mind about conveying the property to appellee. In order to avoid further conflict, appellee accepted the return of his $20,000.00.

The discord within the family did not abate, however, and appellant sued Emmitt for divorce in August 1993. In December 1993, appellant was granted a divorce. The chancellor, however, specifically provided in the divorce decree that all issues pertaining to the property interests of the parties were reserved for a separate hearing to be held in the near future.

On January 7, 1994, appellee filed a "petition" with the chancery court in the divorce action in which he stated that his father was willing to convey the land but that appellant had refused to do so. Appellee stated that he had obtained appraisals of the two buildings that he had constructed on the property and that their total value was $12,543.00. Appellee requested the chancellor to order his parents to sell him the property as they had agreed or award him the value of the improvements. Appellee did not file a separate motion for leave to intervene.

In response to appellee's petition, appellant argued that appellee was not a party to this case and did not have standing to obtain relief. She admitted that the parties had refunded the $20,000.00 to appellee.

The property issues were tried to the court on March 1, 1994. Appellant pointed out that appellee had not yet been granted leave to intervene. Over appellant's objection, the chancellor allowed appellee to remain in the courtroom during the hearing.

Appellant testified that appellee had built the small shed on the property before there was any discussion of conveyance. She stated that she had eventually agreed to deed the thirty-eight acres to appellee and had had it surveyed for that purpose. She also admitted that appellee had paid her and her husband $20,000.00. She stated that she had refused to go through with the sale because she did not approve of appellee's marriage.

Emmitt testified that appellee had bulldozed roads, built two buildings, and cut timber on the property and had paid $20,000.00 for the land. He stated that he had agreed to give appellee his money back to make peace and that he agreed with appellee's petition for conveyance of the property.

Appellee testified that he had begun building the shed before the parties reached the agreement to sell him the property and had constructed the bigger building after he paid his parents the $20,000.00.

At the conclusion of the hearing, the chancellor stated:

> I don't really like a situation of an individual not having an attorney, because it increases the possibility of reversal and things not being done right. I do appreciate and understand this is a family situation, and I also do appreciate that — how if another lawsuit got started, then it could throw a monkey wrench in the gears of getting this thing resolved, and even a bad decision is better than no decision . . . and lingering in limbo forever, so I'm going to construe the pleadings liberally and go ahead and affect Mr. Darrell Bradford's petition as a petition for intervention. I'm going to conform the proof to the pleadings. I'm going to construe his request as a demand for specific per-

formance in an intervention — a formal intervention, and I'm going to grant his request for specific performance. I don't know what more evidence or indicia of partial performance there could be, and Miss Bradford openly testified that the only reason it wasn't consummated was just an act of defiance on her part. And, they, back before any of these pressures were on them, negotiated and came to the conclusion that it was worth twenty thousand dollars ($20,000). . . . They need to go ahead and finish their bargain.

In the order entered April 28, 1994, the chancellor found that appellee had taken possession of the property, had paid the full purchase price of $20,000.00, and had made all improvements thereon. The chancellor granted appellee's petition for specific performance of the agreement and ordered that, upon appellee's payment of $20,000.00, a deed be delivered to him. In this order, the chancellor also directed that all of appellant's and Emmitt's marital personal and real property be sold at public auction. Appellant filed her notice of appeal on April 29, 1994.

On June 30, 1994, appellant filed a motion under Ark. R. Civ. P. 60(b) to correct the decree. She requested the chancellor to find that the oral agreement to convey the property violated the statute of frauds. This motion was not granted.

■ For her first point on appeal, appellant argues that, even though appellee filed his petition pro se, he was still required to conform to the Rules of Civil Procedure. In response, appellee states that he is in agreement with this principle. It is true that all litigants, including those who proceed pro se, must conform to the rules of procedure, or else demonstrate good cause for not doing so. *Arnold & Arnold* v. *Williams*, 315 Ark. 632, 870 S.W.2d 365 (1994), *cert. denied*, ____ U.S. ____, 115 S.Ct. 489 (1994).

In her second point, appellant argues that the chancellor erred in allowing appellee to intervene without strictly complying with the "mandatory requirements" of Ark. R. Civ. P. 24. Appellant argues that appellee was required to file a separate motion for intervention in addition to his petition for specific performance and that his failure to do so requires reversal.

■ We note that appellant did not articulate this argument before the trial court. Although she argued that appellee had not yet been allowed to intervene, she did not argue that his petition was inadequate under Rule 24. This court has stated that it will not consider arguments on appeal that were not fully developed at the trial level. *First Nat'l Bank* v. *Adair*, 42 Ark. App. 84, 854 S.W.2d 358 (1993).

■ In any event, we would find no error on the facts of this case. It is true that, ordinarily, there must be pleadings in support of the relief awarded by the court. *See Bachus* v. *Bachus*, 216 Ark. 802, 227 S.W.2d 439 (1950). However, appellant has cited no case in which it was held that, even though a sufficient claim for relief was filed, it was necessarily error to grant intervention if a document styled "motion to intervene" was not filed. Arkansas Rule of Civil Procedure 8(f) provides that all pleadings shall be liberally construed so as to do substantial justice. Rule 1 of the Arkansas Rules of Civil Procedure provides that the rules shall be construed "to secure the just, speedy and inexpensive determination of every action." This was expressed in *Employers National Insurance Co.* v. *Grantors*, 313 Ark. 645, 652, 855 S.W.2d 936, 940 (1993), as follows: "The objective of our rules of procedure is the orderly and sufficient resolution of disputes."

Rule 24 of the Arkansas Rules of Civil Procedure provides in pertinent part:

> (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

> (b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of this state confers a conditional right to intervene; or (2) when an applicant's claim or defense

and the main action have a question of law or fact in common. . . . In exercising its discretion, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

(c) Procedure. A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought.

■ It is true that Rule 24(c) requires a party seeking intervention to state in a separate pleading the claim or defense to be advanced. *See Schacht* v. *Garner*, 281 Ark. 45, 661 S.W.2d 361 (1983). However, we believe that appellee adequately complied with that rule by clearly setting forth his claim for relief within the context of this divorce action. In *National Security Fire & Casualty Co.* v. *Shaver*, 14 Ark. App. 217, 686 S.W.2d 808 (1985), this court held that pleadings are for the purpose of informing all the parties what the issues are and, when there is no surprise or substantial prejudice, the court can always and often does treat the pleadings as amended to conform to the proof. " 'Defects in pleadings are to be disregarded unless they substantially affect the rights of the adverse party.' " *Id.* at 220, 686 S.W.2d at 810 (quoting *Miller* v. *Hardwick*, 267 Ark. 841, 843, 591 S.W.2d 659, 660 (Ark. App. 1980)). Here, it was clear to appellant that appellee sought to intervene and that he sought specific performance of the contract. Clearly, she suffered no prejudice from the chancellor's decision to allow appellee to intervene nearly two months before the parties' property interests were to be decided.

■ Additionally, the chancellor stated that he would conform the pleadings with the proof and treat appellee's pleading as if he had formally moved to intervene. The chancellor has broad discretion in allowing or denying amendments to the pleadings. *See Thompson* v. *Dunn*, 319 Ark. 6, 889 S.W.2d 31 (1994); *Cawood* v. *Smith*, 310 Ark. 619, 839 S.W.2d 208 (1992). We cannot conclude that the chancellor abused his discretion in allowing appellee to intervene, even though he did not file two separate pleadings in seeking to do so.

■ In her second point on appeal, appellant also argues that she was not properly served by appellee under Arkansas Rule of Civil Procedure 5(b). This argument was not raised below; therefore, we will not decide it. We have held many times that we will not consider issues raised for the first time on appeal. *Finn* v. *State*, 36 Ark. App. 89, 819 S.W.2d 25 (1991); *Cox* v. *Bishop*, 28 Ark. App. 210, 772 S.W.2d 358 (1989). *See also Brown* v. *Minor*, 305 Ark. 556, 810 S.W.2d 334 (1991).

■ In her third point on appeal, appellant argues that appellee had no grounds to intervene under Rule 24(a), which provides for intervention of right, or under Rule 24(b), which provides for permissive intervention. We reject this argument because appellee has satisfied the three requirements that an applicant must meet in order to intervene as a matter of right: (1) that he has a recognized interest in the subject matter of the primary litigation; (2) that his interest might be impaired by the disposition of the suit; and (3) that his interest is not adequately represented by existing parties. *Billabong Prods., Inc.* v. *Orange City Bank*, 278 Ark. 206, 644 S.W.2d 594 (1983). In *UHS of Arkansas, Inc.* v. *City of Sherwood*, 296 Ark. 97, 752 S.W.2d 36 (1988), the court stated that an applicant must establish not only a sufficient interest, but also that the disposition of the action may, as a practical matter, impair or impede an ability to protect one's interest and that the interest is not adequately represented by the existing parties. In *Billabong Products, Inc.* v. *Orange City Bank, supra,* the court stated: "Generally, if the one seeking intervention will be left with his right to pursue his own independent remedy against the parties, regardless of the outcome of the pending case, then he has no interest that needs protecting by intervention of right." 278 Ark. at 208-09, 644 S.W.2d at 595. *Accord Midland Dev., Inc.* v. *Pine Truss, Inc.*, 24 Ark. App. 132, 750 S.W.2d 62 (1988). In *Schacht* v. *Garner, supra,* the supreme court stated that intervention as a matter of right cannot be denied, but intervention by permission is discretionary, the denial of which will only be reversed if that discretion is abused. *See also Vandiver* v. *Washington County*, 274 Ark. 561, 628 S.W.2d 1 (1982).

■ Clearly, appellee had an interest in the real property of his parents that was not adequately represented by either of his parents in their divorce proceeding. It is also apparent that

appellee's interest in the property would be impaired by the public auction of his parents' property following their divorce. If the thirty-eight-acre parcel of land had been sold at public auction, appellee would not have been left with a remedy against his parents. Therefore, appellee adequately demonstrated that he was entitled to intervene as a matter of right. Additionally, even if appellee's intervention could only be characterized as permissive, the chancellor did not abuse his discretion in allowing him to intervene.

■ Appellant argues in her fourth point on appeal that the chancellor erred in allowing appellee to intervene in an untimely fashion. Timeliness under Rule 24(a) is a matter lying within the discretion of the trial court and will not be subject to reversal absent abuse of that discretion. *Carton* v. *Missouri-Pac. R.R.*, 315 Ark. 5, 865 S.W.2d 635 (1993); *Employers Nat'l Ins. Co.* v. *Grantors, supra; Cupples Farms Partnership* v. *Forrest City Prod. Credit Ass'n*, 310 Ark. 597, 839 S.W.2d 187 (1992); *Polnac-Hartman & Assocs.* v. *First Nat'l Bank*, 292 Ark. 501, 731 S.W.2d 202 (1987); *Bank of Quitman* v. *Phillips*, 270 Ark. 53, 603 S.W.2d 450 (Ark. App. 1980). Timeliness is to be determined from all of the circumstances. *Cupples Farms Partnership* v. *Forrest City Prod. Credit Ass'n, supra.* The factors that the trial court should consider in such a decision are: (1) how far the proceedings have progressed; (2) any prejudice to other parties caused by the delay; and (3) the reason for the delay. *Id.* Rule 24 does not state a specific time limit for timely intervention. *See Arkansas Best Corp.* v. *General Elec. Capital Corp.*, 317 Ark. 238, 878 S.W.2d 708 (1994). When there are "unusual and compelling" circumstances, intervention may be permitted even after a final judgment has been entered. *Id.*

■ Appellant argues that appellee's petition was filed after the entry of final judgment. This is incorrect. Even though the chancellor granted the parties a divorce in December 1993, he specifically reserved the determination of their property interests for a later hearing, which was held almost two months after appellee sought to intervene in the action. We hold that the chancellor did not abuse his discretion in refusing to find appellee's petition to be untimely.

For her fifth point on appeal, appellant argues that the par-

ties' oral agreement violated the statute of frauds. Again, this argument was not raised before the entry of the decree. In fact, appellant waited to raise this argument until two months after she had filed her only notice of appeal. We therefore need not address this issue.

Affirmed.

ROGERS, J., agrees.

ROBBINS, J., concurs.