Glee Alan BURT & Elizabeth Burt *v.*
ARKANSAS DEPARTMENT OF HEALTH
& HUMAN SERVICES

CA 06-1088                                        261 S.W.3d 468

Court of Appeals of Arkansas
Opinion delivered September 5, 2007

*Larry J. Steele*, for appellants.

*Gray Allen Turner*, Dep't of Human Servs., Office of Chief Counsel, for appellee.

*Kendall A.J. Sample*, attorney ad litem.

SAM BIRD, Judge. Elizabeth and Glee Alan Burt appeal the Pulaski County Circuit Court's denial of their motion to intervene in adoption proceedings of their grandchildren, the natural-born children of their daughter, Jennifer Burt. Because Jennifer Burt's parental rights were terminated on February 27, 2002, and upheld on appeal by mandate of this court on May 21, 2003, we affirm the circuit court's denial of appellants' motion to intervene.

The children who are the subject of appellants' motion to intervene are J.B., born on March 16, 1992; M.B., born on February 19, 1993; and G.B., born on March 18, 1994. J.B. and M.B. are presently in the custody of the Arkansas Department of Health and Human Services (DHHS), and G.B. has already been adopted. This case began when the children were placed in foster care by DHHS in August 2000. The record reflects that, before they were placed in foster care, they periodically lived in the home of appellants. We note, however, that the record contains no evidence that appellants had ever been granted court-ordered custody, guardianship, or visitation rights.

At a permanency-planning-and-review hearing held on August 23, 2001, the circuit court changed the goal of the case from reunification with Jennifer Burt, the children's mother, to adoption. Subsequently, on November 2, 2001, appellants filed their first motion to intervene to obtain custody of the children. The circuit court denied the motion on November 20, 2001, finding that permissive intervention pursuant to Ark. R. Civ. P. 24 was not applicable because there were other avenues open to appellants to address their request. The circuit court mentioned that one

avenue was to request DHHS to perform a home study for possible placement of the children in their home, which the court noted had already been ordered at a hearing on June 14, 2001.

The home study, which was performed on September 28, 2001, indicated that appellants' two-bedroom, one-bath home was very small and inadequate to accommodate all of Jennifer Burt's children.[1] The preparer of the home study also opined that, in order for appellants' home to be considered, the home would need to be child-proofed, appellants' work schedules would need to be changed to allow for supervision of the children, and appellants would need parenting classes. At some point before the circuit court terminated Ms. Burt's parental rights, the court determined that it was contrary to the best interest of the children to be placed in appellants' custody, concluding that the children had suffered neglect, inadequate supervision, and inadequate parenting when they lived with appellants.[2] On February 27, 2002, the circuit court terminated Jennifer Burt's parental rights to J.B., M.B., and G.B.

Four years later, on February 14, 2006, appellants filed a second motion to intervene, claiming that they "desire[d] to have the minor children reside in their home permanently" and alleging that they had been denied the right to a hearing on this issue. The circuit court denied appellants' motion, stating that the parental rights of the mother had been terminated, that the court had already determined that it was contrary to the best interest of the children to be placed with appellants, and that the court had issued two no-contact orders, which remained in full force and effect, restraining appellants from having contact with the children. Appellants filed this appeal.

There are two means by which a non-party may intervene in a lawsuit: as a matter of right and by permission. The former cannot be denied, but the latter is discretionary, the denial of which will be reversed only if that discretion is abused. *Schacht v.*

---

[1] The home study stated that appellants' home was being considered for placement of seven of Jennifer Burt's children. The record on appeal does not indicate the disposition of the case for the four children who are not the subject of this appeal.

[2] We note that appellants did not provide sufficient parts of the record to enable us to review the order or transcript making this determination, but the circuit court stated in its denial of appellants' second motion to intervene, the subject of this appeal, that this determination was made.

*Garner*, 281 Ark. 45, 46, 661 S.W.2d 361, 362 (1983). Rule 24(c) sets forth the method for requesting intervention and requires the party seeking intervention to serve a motion stating the grounds therefor accompanied by a pleading setting forth the claim or defense for which intervention is being sought. Ark. R. Civ. P. 24(c).

Appellants did not indicate in either of their motions to intervene whether they were asserting intervention as a matter of right or by permission. Nor did they accompany their motions with a pleading suggesting that they were seeking intervention as a matter of right. We will not make their case for them. Therefore, we will treat the motion as one for intervention by permission and will reverse the circuit court's denial of their motion only if the court abused its discretion. *See Ballard v. Garrett*, 349 Ark. 371, 78 S.W.3d 73 (2002); *Schacht*, 281 Ark. at 46, 661 S.W.2d at 362. We note, however, that our disposition of this case would remain the same were we to treat their motion as requesting intervention as a matter of right.[3]

On appeal, appellants cite several statutes and cases to support their position that their motion for intervention should have been granted. All of these statutes and cases concern the rights of grandparents of children whose parents' rights have *not been terminated. See, e.g.*, Ark. Code Ann. § 9-28-503 (Repl. 2002) (requiring DHHS to attempt to place a child with a relative when placing the child in foster care); Ark. Code Ann. § 9-13-101 (Supp. 2005) (authorizing intervention by a grandparent in a custody proceeding of an action for divorce under certain defined circumstances); *Freeman v. Rushton*, 360 Ark. 445, 202 S.W.3d 485 (2005) (affirming circuit court's award of guardianship to maternal grandmother over biological father who had never been married to mother after death of mother where child had always lived with mother in home of maternal grandmother); *Hunt v. Perry*, 357 Ark. 224, 162 S.W.3d 891 (2004) (upholding maternal grandparent's right to visitation after her daughter's death in spite of father's attempt to terminate the visitation); *Crosser v. Henson*, 357 Ark. 635, 187 S.W.3d 848 (2004) (holding natural-parent preference was not absolute in modification-of-custody case where grandpar-

---

[3] *See Suster v. Ark. Dep't of Human Servs.*, 314 Ark. 92, 858 S.W.2d 122 (1993) (holding that grandparent whose child's parental rights were terminated had no recognized interest in adoption of grandchildren to warrant intervention as a matter of right).

ent had custody for previous five years by virtue of court-ordered guardianship before father filed petition for custody and termination of guardianship).

None of these statutes or cases is applicable to this case. Each presupposes that the grandparents are still grandparents. In other words, in each of these cases and statutes the parents' rights have not been terminated. Under Arkansas law, grandparents' rights, to the extent they have rights, are derivative of their son's or daughter's parental rights. *Suster v. Ark. Dep't of Human Servs.*, 314 Ark. 92, 93, 858 S.W.2d 122, 123 (1993). In *Vice v. Andrews*, 328 Ark. 573, 945 S.W.2d 914 (1997), an adopted child's paternal grandmother sought visitation rights after her son had already consented to the child's adoption by another person. The court in *Vice* held that, where a natural parent consents to the adoption of his or her child by another person, the consenting parent's relatives lose their legal right to visitation because such rights are derivative of the consenting parent's rights and likewise are terminated when the parent's rights are ended. *Id*; *see also Henry v. Buchanan*, 364 Ark. 485, 489-90, 221 S.W.3d 346, 349 (2006).

██ To the extent that appellants had any rights to custody of, or visitation with, these children, they lost them in 2002 when their daughter's parental rights were terminated. There is no evidence in the record that appellants have ever attempted to adopt these children. Finally, we note that the circuit court determined before it terminated Jennifer Burt's parental rights that it was contrary to the best interest of the children to be placed with appellants. In light of these facts and Arkansas law, we hold that the circuit court did not abuse its discretion in denying appellant's motion to intervene.

Affirmed.

MARSHALL and HEFFLEY, JJ., agree.