SLIP OPINION



Cite as 2017 Ark. App. 329

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-16-393

| | |
|---|---|
| KENNETH L. WARTICK, THOMAS MEADOWS, AND PAUL SIEDSMA<br><br>APPELLANTS<br><br>V.<br><br>UNITED SERVICES AUTOMOBILE ASSOCIATION; USAA CASUALTY INSURANCE COMPANY; USAA GENERAL INDEMNITY COMPANY; GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY; MARK L. ADAMS; AND KATHERINE S. ADAMS<br><br>APPELLEES | Opinion Delivered:  May 24, 2017<br><br><br>APPEAL FROM THE POLK COUNTY CIRCUIT COURT<br>[NO. 57CV-15-104]<br><br>HONORABLE JERRY RYAN, JUDGE<br><br><br><br>AFFIRMED |

## BART F. VIRDEN, Judge

This appeal arises from a class-action lawsuit filed by appellees Mark and Katherine Adams against appellees United Services Automobile Association and related companies (collectively "USAA"). In 2015, the Adamses and USAA entered into a class-action settlement. Appellants Kenneth Wartick, Thomas Meadows, and Paul Siedsma objected to the settlement and attempted to intervene in the case. The Polk County Circuit Court denied intervention and approved the settlement. Appellants now appeal the court's rulings. We affirm.

I. *Background*

The Adamses were insureds under a USAA homeowners policy when they suffered a covered loss in 2009. They made a claim under the policy, and USAA paid them the actual cash value (ACV) of their loss, meaning the cost of repairs minus an amount attributable to age and wear and tear. However, in calculating the ACV, USAA depreciated not only the cost of the materials that would be used in the repairs but the cost of labor as well.

In 2013, our supreme court held that an insurer cannot depreciate labor when calculating ACV. *Adams v. Cameron Mut. Ins. Co.*, 2013 Ark. 475, 430 S.W.3d 675. After that ruling, the Adamses filed a class-action lawsuit against USAA in Polk County Circuit Court asking that they and all others similarly situated recover the labor costs that USAA improperly depreciated. The case was removed to federal court, where the Adamses and USAA engaged in negotiations and eventually entered into a class-action settlement. The settlement provided, *inter alia*, that payments would be made to those class members who timely submitted a claim form; that USAA could pay "as much as" $3,445,598 to the class members; and that class counsel would receive, without objection, $1,850,000 in fees, expenses, and costs.

After reducing their settlement agreement to writing, the Adamses and USAA voluntarily nonsuited their case in federal court, refiled the case in Polk County Circuit Court, and asked that court to approve the settlement pursuant to Ark. R. Civ. P. 23(e)(1) (2016).[1] The Polk County Circuit Court preliminarily approved the settlement in August

---

[1] Judge P.K. Holmes of the United States District Court for the Western District of Arkansas later reprimanded some of the class counsel for forum shopping. *See Adams v.*

2015 and set forth requirements for those who wished to object to the settlement, opt out of the settlement, or intervene in the case. Included among the requirements was that objections must be exercised individually and not as a member of a group or subclass.

On November 16, 2015, appellants filed an "Objection to Settlement Terms" both as individuals and as representatives of a group of veterans.[2] They asserted, among other things, that USAA had violated its fiduciary duty to the veterans by entering into the settlement; that discovery should be permitted; that the settlement was moving too quickly; that the claim form for class members was too lengthy and complex; that USAA had not committed to paying any particular amount to the class members; and that the entire process had simply produced a large attorney's fee. Appellants did not mention intervention, other than to describe the lawyer who signed the pleading as the "Attorney for Intervenor."

At the final-approval hearing on December 16, 2015, appellants argued that they should be allowed to intervene in the class action as a matter of right. The court noted, "You have not filed a motion to intervene, is that correct?" Appellants responded that, to the contrary, their motion to intervene was contained in paragraph twenty-three of their "Objection to Settlement Terms." That paragraph reads as follows:

> MOTION: A subclass of veteran [sic] should be recognized, constituting all the residents of Arkansas that are not members of this class, but rather, are all insureds of USAA during the years of the settlement and therefore legal "owners." USAA is a member-owned company. USAA does not have the liberty to deny the truth to the member. Background: 25 Army officers form USAA in 1922, deciding to insure each other's automobiles. Their motto: "Service to the Services." By 1933, those officers exceeded the reserves required of the Texas regulator, and $230,000 was given back

---

*United Servs. Auto. Ass'n*, No. 2:14-CV-02013, 2016 WL 4129115 (W.D. Ark. Aug. 3, 2016).

[2] USAA provides insurance coverage to active and former members of the military.

to its members. That is why the sub-class deserves recognition. Today's members are seeing their money spent unwisely, or, they are entitled to hear USAA say, "Yes we did it, and let us explain." The members do not need a Little Rock trial lawyer insist [sic] the agreement is entered into with no admission of anything. Five of six active duty officers in Arkansas are USAA members. They are entitled to petition and be heard.

The court ruled that appellants had not in fact moved to intervene, citing the lack of an actual motion to intervene and the absence of a pleading setting forth a claim in intervention as required by Rule 24(c) of the Arkansas Rules of Civil Procedure. The court went on to overrule appellants' objections to the settlement, approve the settlement, and dismiss the class action with prejudice.

After the dismissal, appellants filed an "Amended Motion to Intervene," which the court treated as a postjudgment motion for intervention. Upon considering the motion, the court ruled that it did not meet the standards for postjudgment intervention under Arkansas law. Intervention was therefore denied a second time. Appellants filed this appeal.

## II. *Denial of Intervention*

We first address appellants' contention that the circuit court erred in rejecting their attempts to intervene in this case. Intervention is the threshold issue before us—our supreme court has held that unnamed class members such as appellants, whose request to intervene has not been granted, have no standing to appeal the final approval of a class-action settlement, even if they objected to the settlement. *See Hunter v. Runyan*, 2011 Ark. 43, 382 S.W.3d 643; *DeJulius v. Sumner*, 373 Ark. 156, 282 S.W.3d 753 (2008); *Ballard v. Advance Am., Cash Advance Ctrs. of Ark., Inc.*, 349 Ark. 545, 79 S.W.3d 835 (2002); *Luebbers v. Advance Am., Cash Advance Ctrs. of Ark., Inc.*, 348 Ark. 567, 74 S.W.3d 608 (2002); *Haberman v. Lisle*, 317 Ark. 600, 884 S.W.2d 262 (1994). Thus, pursuant to these holdings,

our initial inquiry is whether either of appellants' two attempts to intervene met the requirements of Rule 24 of the Arkansas Rules of Civil Procedure. If the requirements were met, appellants may challenge the class-action settlement on appeal. If not, appellants lack standing to proceed further.

## A. Intervention Generally

Intervention of right is governed by Ark. R. Civ. P. 24(a), which provides as follows:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

In addition to its substantive requirements, Rule 24 imposes procedural demands on a potential intervenor. The rule requires that the application for intervention be timely; that the applicant file a motion to intervene stating the grounds therefor; and that the motion be accompanied by a pleading setting forth the claim or defense for which intervention is sought. Ark. R. Civ. P. 24(a) & (c). The purpose of the pleading requirement is to inform the trial court of the right asserted by the would-be intervenor. *Lowell v. Lowell*, 55 Ark. App. 211, 934 S.W.2d 540 (1996).

With these requirements in mind, we examine appellants' attempts to intervene in this case.

## B. Appellants' First Attempt to Intervene

Appellants argue that they first moved to intervene in paragraph twenty-three of their "Objection to Settlement Terms," quoted earlier in this opinion. We disagree that paragraph twenty-three constitutes a motion to intervene.

At the outset, we observe that paragraph twenty-three, by its language, is not an attempt by these appellants to intervene in the class action. Rather, the paragraph seeks recognition of a "subclass" of veterans—a subclass that is not part of this appeal. Appellants state in their brief that they have abandoned their request to intervene as a subclass and are appealing solely as individuals. That being the case, they have no grounds to complain of the denial of a motion that was directed solely to the interests of the subclass.

In any event, paragraph twenty-three simply does not meet the requirements of a motion to intervene. It does not state that intervention is requested, does not explain the grounds for intervention, and is not accompanied by a pleading setting forth the claims for which intervention is sought as mandated by Rule 24(c). Despite these deficiencies, however, appellants urge us to liberally construe their motion pursuant to Ark. R. Civ. P. 8(f), and to follow a line of cases in which our courts have allowed intervention despite the lack of strict compliance with Rule 24(c). *See, e.g., Ark. Best Corp. v. Gen. Elec. Cap. Corp.*, 317 Ark. 238, 878 S.W.2d 708 (1994); *Winn v. Bonds*, 2013 Ark. App. 147, 426 S.W.3d 533; *Lowell, supra; Bradford v. Bradford*, 52 Ark. App. 81, 915 S.W.2d 723 (1996). We decline to do so.

As mentioned, the purpose of the pleading requirement in Rule 24(c) is to inform the trial court of the right being asserted by the would-be intervenor. *Lowell, supra.* In

*Arkansas Best*, *Winn*, *Lowell*, and *Bradford*, *supra*, the potential intervenors provided sufficient information, either through other pleadings or through oral explanation, of the basis for their intervention, thus permitting the trial court to make a thoughtful assessment as to whether intervention was warranted. Consequently, our appellate courts held in those cases that the lack of a formal motion or pleading was not fatal to an attempt to intervene. By contrast, the trial court in the present case was handicapped by the lack of a proper motion or pleading seeking intervention. Appellants did not satisfactorily identify, either in paragraph twenty-three or in any other pleadings or arguments, the claim or claims on which they sought to intervene. Instead, their pleadings and arguments were vague, confusing, and uninformative. It is therefore understandable that the circuit court was reluctant to grant intervention.

This is particularly true given the complex nature of the case before us. In this respect, the case is analogous to *Hunter v. Ryan*, *supra*. There, a number of persons objected to a class-action settlement and attempted to intervene in the lawsuit. The trial court denied Ms. Hunter's motion to intervene on the ground that she failed to file a pleading in intervention as mandated by Rule 24(c). Hunter appealed and cited *Lowell*, *supra*, for the proposition that an accompanying pleading is unnecessary where the potential intervenor otherwise apprises the trial court of the facts, allegations, and specific basis for the relief sought. Our supreme court rejected Hunter's argument and denied her motion to intervene, stating as follows:

> Hunter's motion to intervene made only broad and conclusory allegations that her interest was not being adequately represented by the class, and it offered little, if any, information to the circuit court of the 'claim' she would assert if allowed to intervene.
>
> . . . .

At the hearing on the motion, Hunter's counsel offered nothing more than conclusions unsupported by any allegations of facts or law. . . .

2011 Ark. 43, at 20, 382 S.W.3d at 654. The court also distinguished *Lowell*:

We are not persuaded that Hunter's case is more like *Lowell* . . . The claim sought to be asserted in *Lowell* . . . is not nearly as complex and difficult for a trial court to discern in the absence of a pleading . . . Despite the bare conclusions alleged in Hunter's motion, supplemental objection, and by her counsel at the hearing, there remained nothing from which the circuit court could determine what claim or claims . . . Hunter would assert upon intervention.

*Id.* at 21, 382 S.W.3d at 654.

The reasoning in *Hunter* applies to the case at bar. This, too, is a complex case, and in the absence of a pleading, the trial court could not accurately discern the basis for appellants' potential intervention. *See also Polnac-Hartman & Assocs. v. First Nat'l Bank*, 292 Ark. 501, 731 S.W.2d 202 (1987). We therefore affirm the circuit court's denial of appellants' first attempt to intervene.[3]

## C. Appellants' Second Attempt to Intervene

Appellants' second attempt at intervention—which they styled an "Amended Motion to Intervene"—was filed after the circuit court had approved the class-action settlement and dismissed the class-action lawsuit. The circuit court denied what it termed appellants' postjudgment motion for intervention. Appellants argue that the circuit court erred in so ruling.

The issue of the timeliness of a petition to intervene is within the sound discretion of the circuit court and is subject to reversal only where that discretion has been abused. *See*

---

[3] Appellants ask that we overrule *Hunter*, but we do not have the authority to overrule supreme court decisions. *Watkins v. Ark. Elder Outreach of Little Rock, Inc.*, 2012 Ark. App. 301, 420 S.W.3d 477.

*Ft. Smith Sch. Dist. v. Deer/Mt. Judea Sch. Dist.*, 2014 Ark. 486, 450 S.W.3d 239; *Valois Dynasty, LLC v. City Nat'l Bank*, 2016 Ark. App. 140, 486 S.W.3d 205. Timeliness is to be determined from all the circumstances, and the court must consider (1) how far the proceedings have progressed; (2) whether there has been any prejudice to the other parties caused by the delay; and (3) the reason for the delay. *See Ft. Smith Sch. Dist.*, *supra*. On occasion, postjudgment intervention has been permitted, but our courts are reluctant to allow it, and it should be granted only upon a strong showing of entitlement or a demonstration of unusual and compelling circumstances. *Parkerson v. Brown*, 2010 Ark. App. 505, 379 S.W.3d 485.

The court in the case at bar found that appellants had failed to make a strong showing of entitlement or to demonstrate unusual and compelling circumstances that would allow postjudgment intervention. The court did not abuse its discretion.

First, it is apparent from our previous discussions that appellants filed their "amended" motion to intervene primarily because their original motion was deemed procedurally noncompliant. Essentially, appellants had the opportunity to file a proper, timely motion prior to judgment but failed to do so. A court does not err in denying postjudgment intervention where there was no sound or compelling reason for the delay in filing. *See generally Ballard v. Garrett*, 349 Ark. 371, 78 S.W.3d 73 (2002); *Milberg, Weiss, Bershad, Hynes, and Lerach, LLP v. State*, 342 Ark. 303, 28 S.W.3d 842 (2000). It is also noteworthy that appellants' amended motion, like their original motion, suffered from procedural infirmities—it did not clearly set forth a ground for intervention, nor was it accompanied by a pleading. *See Hunter, supra*.

The present case is also distinguishable from cases in which postjudgment intervention has been allowed. For example, in *UHS of Arkansas, Inc. v. City of Sherwood*, 296 Ark. 97, 752 S.W.2d 36 (1988), postjudgment intervention was allowed where only twenty-two days had elapsed between the filing of the underlying complaint and the entry of judgment. In *Parkerson*, *supra*, postjudgment intervention was permitted where the intervenor was forced to move quickly, and did so, upon learning that a judgment had been entered involving land on which she held an easement. Here, appellants were not constrained by considerations of time but had ample opportunity to file a proper motion to intervene before judgment was entered.

In light of these circumstances, we affirm the circuit court's denial of appellants' "Amended Motion to Intervene."

### III. *Conclusion*

Because we affirm the circuit court's denial of intervention, we hold, in accordance with *Hunter*, *supra*; *DeJulius*, *supra*; *Ballard v. Advance Am.*, *supra*; *Luebbers*, *supra*; and *Haberman*, *supra*, that appellants lack standing to challenge the class-action settlement on appeal. The circuit court's rulings are therefore affirmed in all respects.

Affirmed.

WHITEAKER and MURPHY, JJ., agree.

*Trammell Law Firm*, by: *Robert D. Trammell*; and *Walas Law Firm, PLLC*, by: *Breean Walas*, for appellants.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *John Keeling Baker* and *Megan D. Hargraves*, for appellees.